**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SEAN KELLY, CATHRYN KELLY, and KENNETH J. GREW,<br><br>On behalf of themselves and all other similarly situated,<br>Plaintiffs,<br>v.<br>PETROLEX II, LLC, d/b/a CK SMITH SUPERIOR and JOHN C. SANTORO, individually,<br>Defendants. | Civ. No. 4:23-cv-40175-MRG |

**ORDER ON DISCOVERY MOTIONS [ECF. Nos. 86 & 88]**

**GUZMAN, J.**

After a careful review of the pending filings and oral argument, the Court makes the following determinations and clarifies the Court's request for the parties.

## I. As to the Plaintiffs' Motion to Compel Data [ECF No. 86]

For the reasons stated on the record, the Court hereby **GRANTS IN PART** the Plaintiffs' Motion to Compel Data, [ECF No. 86]. The parties are **ORDERED** to submit a joint statement within one week, on or before Wednesday, October 14, 2026, of potential interrogatories to be sent to Dr. Kytomaa. This joint submission must include the proposed questions and any objections by counsel. The Court will then approve or deny the proposed interrogatories and determine whether an additional deposition is appropriate in this matter.

Looking forward, if testimony shows Dr. Kytomaa received or considered other regressions, then there must be a supplemental production of the information he considered,

regardless of whether it was included in the report. If Defendants maintain a Rule 26(b)(4)(D) claim as to any other person's work, Defendants must create a privilege log and show that the person was separately retained by counsel.

Because the request for Dr. Ahuja's deposition, billing records, and attorney-expert communications were presented to the Court in a reply brief, the Court will defer ruling on those requests at this time.

**II. As to the Defendants' Motion to Strike Untimely and Impermissible Expert Reports [ECF No. 88]**

As to the Motion to Strike, the Court does not find it appropriate to strike the expert report in full, therefore the motion, [ECF No. 88], is **GRANTED IN PART AND DENIED IN PART**.

First, Plaintiffs' argument as to waiver is unpersuasive. After argument, it is clear that the real issue here is less about timely submissions and more about trial strategy and the burden of proof from each party. The Court finds that the Plaintiffs' rebuttal to some of the issues presented by Dr. Kytomaa was proper and therefore, striking the report in full is inappropriate. See Harriman v. Hancock County, 627 F.3d 22, 30 (1st Cir. 2010) (citing Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009) (Outlining several factors a court could consider when determining sanctions for a late disclosure, such as "the sanctioned party's justification for the late disclosure; the opponent-party's ability to overcome its adverse effects . . . ; the history of the litigation; the late disclosure's impact on the district court's docket; and the sanctioned party's need for the precluded evidence.")

Particularly, the Court determines that Brozynski's Opinions 1, 2, and 8, and Opinions 3-4 to the extent that they critique and replicate Dr. Kytomaa's models should be permitted. As should

Shelton's corrections to the previously reported categories (division and active-customer limits, SQL fixes). See Glass Dimensions, Inc. v. State St. Bank & Trust Co., No-10588-JLT, 2013 U.S.Dist. LEXIS 5919, at *12 (D. Mass. Jan. 14, 2013) (Allowing a rebuttal report which directly "contradict[ed] or rebut[ted]" the opposing expert). As to Brozynski's Opinions 5-7 and the new Shelton categories presented, the Court will admit them on conditions. Id. ("Preclusion . . . is not automatic or mandatory. A district court has discretion to craft an alternative remedy, such as a continuance, if the prejudice cause by untimely disclosure can be cured before trial.").

Here, there is no history of litigation abuse by Plaintiffs, nor an indication that the Plaintiffs have acted in bad faith in producing Brozynski's expert report. Because this case relies heavily on the statistical analysis provided by these parties, both parties demonstrate a need for proper expert testimony and rebuttal. Therefore, Defendants may depose Brozynski and Shelton within the next thirty (30) days. Additionally, Defendants will have an additional twenty-one (21) days to serve a responsive supplemental report where Defendants may use a new appropriate expert for this limited response.

As these depositions will likely provide additional information to the parties, Plaintiffs may renew the request for class certification motion based on the decisions in this Order and the deposition testimony of Brozynski and Shelton.

The Court expects an amended class certification, if appropriate, and a motion for summary judgment to be filed on or before December 1, 2026. The Court is not inclined to grant any additional extensions in this matter.

## III. Conclusion

For the reasons stated above, the Motion to Compel, [ECF No. 86] and the Motion to Strike Expert Report, [ECF No. 88] are both **GRANTED IN PART AND DENIED IN PART**. The Court will not grant any fees or costs at this time for either motion.

**SO ORDERED.**

Dated: October 8, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge